IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

B. DAWN McCARVER HILDEBRAND,
Daughter, Next of Kin and Administrator Ad
Litem of the Estate of Louise McCarver,
Deceased, B. DAWN McCARVER
HILDEBRAND and GEORGE S.
McCARVER, individually,

          Plaintiffs,

vs.            Case No. 03-1018-JTM

SUNBEAM PRODUCTS, INC., and
AMERICAN HOUSEHOLD, INC.,

          Defendants.

**ORDER**

This matter comes before the court on the plaintiffs' and defendants' motions in limine. The court held an in limine conference on October 3, 2005. This order formalizes the court's instructions. It is not intended to amend the court's prior instructions. The court finds as follows.

**I. Plaintiffs' Motion in Limine No. 1 RE: Plaintiffs' Settlement Letter (Dkt. No. 115)**

Plaintiffs move for an in limine order excluding admission of a letter dated July 28, 2001 from Ms. Dawn Hildebrand to Sunbeam and labeled as plaintiffs' Exhibit 602 (defendants' Exhibit 1003). Ms. Hildebrand wrote the letter prior to Mrs. McCarver's death. Plaintiffs argue that the letter constitutes a settlement demand, which is inadmissible under Fed. R. Evid. 408. Plaintiffs further argue that the demand itself is inadmissible under Fed. R. Evid. 403 because the

perceived settlement formula would unfairly prejudice plaintiffs and confuse the jury.

Defendants respond that plaintiffs must make a "substantial showing" that Rule 408 applies and the evidence be excluded. Defendants argue that Ms. Hildebrand did not have a "claim" that is the subject of this suit at the time she sent the subject letter because Mrs. McCarver was still alive and her burns had healed. Defendants argue that the lawsuit was filed nearly a year later and that it was not clear whether Ms. Hildebrand had retained a lawyer.

The court grants plaintiffs' Motion in Limine No. 1.

## II. Plaintiffs' Motion in Limine No. 2 RE: Action Originally Filed in Tennessee (Dkt. No. 117)

The parties agreed that they will not introduce evidence of the initial filing of this action in Tennessee, and the proceedings in Tennessee. The court grants plaintiffs' Motion in Limine No. 2.

## III. Plaintiffs' Motion in Limine No. 3 RE: 15 U.S.C. § 2074 - CPSC's Failure to Recall or Act (Dkt. No. 119) & Defendants' Motion in Limine to Exclude Reference to CPSC Investigation (Dkt. No. 141)

Plaintiffs move that the defendants be precluded from arguing, offering evidence, or commenting in the presence of the jury concerning unexercised powers of the Consumer Product Safety Commission ("CPSC") or its failure to act, make a formal finding of defect or product hazard, and the failure or refusal of the CPSC to order a recall or corrective action plan concerning the electrically heated bedding products at issue or to otherwise take any action against Sunbeam. Plaintiffs base their motion on Fed. R. Evid. 403 and 15 U.S.C. § 2074(b).

Defendants respond that 15 U.S.C. § 2074(b) does not preclude the admission of

defendants' CPSC evidence.

      The Consumer Product Safety Act provides:

> The failure of the [Consumer Product Safety] Commission to take any action or commence a proceeding with respect to the safety of a consumer product shall not be admissible in evidence in litigation at common law or under State statutory law relating to such consumer product.

15 U.S.C. § 2074(b). Courts have interpreted the provision to preclude a defendant from introducing CPSC's failure to do anything at all but permit defendants to introduce evidence of investigation and regulation. See Johnston v. Deere & Co., 967 F. Supp. 578, 580 (D. Me. 1997) ("The most reasonable reading of section 2074(b), therefore, is that it is referring to the complete failure by the CPSC to engage in activity on a product; that failure is not to be introduced into evidence as somehow implying that a particular product is not unsafe. Where the CPSC has engaged in activity, on the other hand, those activities are admissible even if they lead ultimately to a decision not to regulate....They are not "failure ... to take any action."). Accord Morales v. American Honda Corporation, 151 F.3d 500 (6th Cir. 1998). Rule 403 weighs in favor of permitting this evidence, especially if plaintiffs plan to introduce other evidence of the CPSC investigation. Otherwise, defendants are likely to be prejudiced by an incomplete picture of CPSC's involvement. Therefore, this court denies plaintiffs' Motion in Limine No. 3.

      In a separate motion, defendants move to exclude reference to the CPSC Investigation. The court finds that some of the CPSC evidence is relevant. Since the court is also permitting defendants to present evidence that the CPSC did not require a recall or corrective plan, the court believes that both parties' interests will be preserved. As a result, the court denies defendants' Motion in Limine to Exclude Reference to CPSC Investigation.

**IV. Plaintiffs' Motion in Limine No. 4 RE: UL Listing (Dkt. No. 121)**

Plaintiffs move for an order in limine preventing Sunbeam from offering evidence or arguing to the jury that Underwriters Laboratories, Inc., (UL) has independently tested for safety of electric blankets, that the electric blankets meet or exceed UL standards, that the electric blankets have a UL listing, that UL inspectors oversee the manufacture of these electric blankets, etc.  Plaintiffs argue that defendants aggressively touted the UL listing but cannot adequately lay a foundation that it complied with the requirements of the UL.  Plaintiffs plan to submit at trial that Sunbeam did not comply with the UL listing requirements and the listing was unauthorized.

Defendants respond that this motion asks for a summary judgment on defendants' defense.  Defendants argue that the UL witnesses John Drengenberg and Allen Weber provide sufficient testimony that Sunbeam PTC electric bedding product at issue was UL Listed.

The court is in agreement with defendants.  Therefore, the court denies plaintiffs' Motion in Limine No. 4.

**V. Plaintiffs' Motion in Limine No. 5 Re: Defense Verdicts (Dkt. No. 123) & Defendants' Motion in Limine to Exclude Reference to Prior Jury Verdicts (Dkt. No. 139)**

Plaintiffs move that defendants be precluded from offering as evidence, arguing, or commenting before the jury information concerning defense verdicts in other Sunbeam electric bedding fire cases and also associating any such defense verdicts with plaintiffs' current counsel, George McLaughlin, who was involved in the Comstock and Bryte case.

 38. Verdict Form, Comstock, et al. v. Sunbeam Corporation, U.S.D.C. Western District of Oklahoma, Case No. CIV-98-478-M, filed June 23, 1999. (Exhibit 1085)
 39. Final Judgment, Lovette v. Sunbeam Corporation, U.S.D.C. Southern District of

Mississippi, Jackson Division, Civil Action No. 3:07 -CV-123 BN, filed June 4, 1998. (Exhibit 1086)

40. Special Verdict, <u>Ngo et al. v. J.C. Penney Co., Inc. et al.</u>, In the Superior Court of the State of California, In the County of Santa Clara, Case No. 729819/736754, filed December 16, 1997. (Exhibit 1087)

41. Docket and Verdict Sheet, <u>Watson et al. v. Sunbeam Corporation, et al.</u>, U.S.D.C. District of Maryland (Baltimore), Civil Docket #: 91-cv-2442, filed September 29, 1993. (Exhibit 1088)

42. Order, Verdict Form B, <u>Kiefer v. Sunbeam Corporation</u>, Circuit Court of Cook County Illinois, No. 9722785, filed April 30, 1997. (Exhibit 1089)

Defendants argue that plaintiffs intend to introduce evidence of prior jury verdicts to establish notice of unreasonably dangerous conditions, in part to establish a claim for compensatory and/or punitive damages. Defendants allege that they have never denied the fact that they have received claims related to this product and acknowledge notice of prior claims.

In a separate motion, defendants move for the exclusion of prior jury verdicts. Defendants ask that the court exclude reference to prior jury verdicts against Sunbeam and enter an order precluding the use at trial of any prior jury verdict and further precluding plaintiffs from eliciting any testimony on the subject from any witness, lay or expert, either on direct or cross examination, to prevent such inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions within the hearing of the jury. Defendants argue that the prior litigation is not relevant evidence and not admissible. Further, they argue that its probative value is substantially outweighed by the danger of unfair prejudice.

In response to defendants' motion, plaintiffs argue that the prior verdicts are relevant because they can be used to show: 1) notice and knowledge; 2) magnitude of the danger involved; 3) the existence and nature of a defect; 4) negligence; 5) causation; 6) culpable state of

5

mind for punitive damages; and 7) to refute testimony of defense witnesses.

The court finds that all prior verdicts should be excluded unless there is cause for admitting the decisions.  Evidence of prior verdicts may be used to indicate that there have been other incidents.  However, the court does not find it necessary to introduce the actual verdicts or the amount of the verdicts.

Therefore, the court grants in part and denies in part plaintiffs' and defendants' motions in limine.

## VI. Plaintiffs' Motion in Limine No. 6 Re: Determination of Unavailability of Witnesses (Dkt. No. 125) & Plaintiffs' Motion in Limine No. 7 Re: Deposition and Exhibit Objections (Dkt. No. 127)

The court is reviewing these motions and will defer a ruling. The court is presently reviewing the parties' objections to the depositions and exhibits.

## VII. Defendants' Motion in Limine to Exclude Reference to Defendants' Manufacturing Facilities in Mexico (Dkt. No 131)

The parties agreed that information about the manufacturing facilities should be excluded. The court grants defendants' motion.

## VIII. Defendants' Motion in Limine to Exclude Evidence of Sunbeam's Model 602 Electric Blanket Product and Its Recall (Dkt. No. 133)

Defendants move the court to exclude evidence of Sunbeam's Model 602 electric blanket product and its recalls.  Defendants ask that plaintiffs be precluded from using any evidence of Sunbeam's Model 602 product and its recall or eliciting any testimony on the subject from any

witness, lay or expert, either on direct or cross examination, to prevent such inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions within the hearing of the jury.

Plaintiffs argue that the Model 602 saga is relevant to a number of issues: 1) it goes to Sunbeam's negligence in the slow development of an alternative safety circuit; 2) it reflects Sunbeam's misrepresentations made in the wake of the recall concerning the safety of the old Circuit 100 Safety Circuit which are relevant as (a) deceptive trade practices under Consumer Protections Acts; and (b) the assessment of punitive damages; (3) it represents part of a common plan, scheme, and design for reprehensibility of conduct for punitive damages; and (4) it is relevant to debunk the much ballyhooed guarantee of safety by a UL listing.

The court finds that evidence of the Model 602 should be kept out but that the parties can bring up information about other incidents. The consumer product history is relevant.

Therefore, the court grants in part and denies in part defendants' Motion in Limine.

## IX. Defendants' Motion in Limine to Preclude Plaintiffs' Use of All Malfunction Analysis Forms and Testimony Pertaining to Malfunction Analysis Forms (Dkt. No. 135)

Defendants move for the court to preclude the use of all Malfunction Analysis Forms and any testimony related to those forms at the time of trial in this action, and further precluding plaintiffs from eliciting any testimony on the subject from any witness, lay or expert, either on direct or cross examination, to prevent such inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions within the hearing of the jury.

Plaintiffs respond that while the specific malfunction remains elusive, there are known defects in the safety design that appear in the Malfunction Analysis Form during the manufacturing process.

The court finds that the context of product development is important. Therefore, the court denies defendants' Motion in Limine.

**X. Defendants' Motion in Limine to Exclude Evidence of Newspaper Articles, Media Stories and the Television News Program 20/20 Report Concerning Sunbeam Electric Blanket Fires (Dkt. No. 137)**

Defendants move for an order precluding the use at trial of any newspaper article, media story, or the television news program 20/20 report related to Sunbeam electric blanket fires or claims and further precluding plaintiffs from eliciting any testimony on the subject from any witness, lay or expert, either on direct or cross examination, to prevent such inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions within the hearing of the jury. Defendants argue that this information is hearsay and inadmissible under the Fed. R. Evid. 802.

Plaintiffs respond that they do not intend to offer the contents of the program but the after-effects: 1.) Sunbeam intensified a campaign to misrepresent the safety of these bedding products to its retailers, the media, and the public; 2.) it caused Underwriters Laboratories, Inc. to pursue an investigation into the safety of these bedding products despite Sunbeam's efforts to conceal their hazards; and 3.) it caused Sunbeam's former design engineer and their paid safety consultant, Dr. William Rowe, to publicly discuss the safety of these bedding products.

The court finds that the parties cannot use the actual program but may reference the program. Depending on what issues plaintiffs raise with the 20/20 program, defendants will be entitled to their corresponding defense.

**XI. Defendants' Motion in Limine to Exclude Prior Testimony of William Rowe, Ph.D. (Dkt. No. 143) & Defendants' Motion in Limine to Exclude All Evidence Related to the Sunbeam v. Rowe Litigation (Dkt. No. 145)**

Defendants move for an order to preclude the prior testimony of William Rowe, Ph.D., deceased. Defendants argue that such testimony is not necessarily based on scientific, technical or other specialized knowledge, and therefore, is not admissible lay testimony under Fed. R. Evid. 701. Furthermore, defendants argue that Dr. Rowe is not a proper expert in this case and his testimony and opinions offered by plaintiffs do not meet the reliability requirements for the admission of expert testimony under Fed. R. Evid. 702. Specifically, defendants argue that his testimony is not sufficiently tied to the facts of the case and that since Dr. Rowe is deceased, he has not had involvement in this matter.

In a separate motion, defendants move for the exclusion of all evidence related to the Sunbeam v. Rowe litigation arguing that it has no relevance to the case at hand.

In response to both motions, plaintiffs argue that the requirements of Fed. R. Evid. 702 are fully satisfied by Dr. Rowe's vast knowledge, personal involvement, and the representations made by Sunbeam concerning his consulting status. Plaintiffs argue that his opinions are well-founded and the opinions concerning the safety circuit at issue are relevant, even though he is not

9

analyzing the subject blanket (since he is contractually prevented from such review anyway). As to the Sunbeam v. Rowe litigation, plaintiffs argue that the history of the litigation is relevant to how events transpired.

The court finds that the testimony and litigation history may be used. The court does not find a wholesale exclusion appropriate. The litigation history is important as to the issue of bias. The court will permit jury instructions to limit the consideration of this evidence.

IT IS ACCORDINGLY ORDERED this 11th day of October 2005, that the court grants plaintiffs' Motion in Limine No. 1 (Dkt. No. 115), plaintiffs' Motion in Limine No. 2 (Dkt. No. 117), plaintiffs' Motion in Limine No. 4 (Dkt. No. 121), defendants' Motion in Limine to Exclude Reference to Defendants' Manufacturing Facilities in Mexico (Dkt. No. 131).

IT IS FURTHER ORDERED that the court denies plaintiffs' Motion in Limine No. 3 (Dkt. No. 119), defendants' Motion in Limine to Exclude Reference to CPSC Investigation (Dkt. No. 141), defendants' Motion in Limine to Preclude Plaintiffs' Use of All Malfunction Analysis Forms and Testimony Pertaining to Malfunction Analysis Forms (Dkt. No. 135), defendants' Motion in Limine to Exclude Prior Testimony of William Rowe, Ph.D. (Dkt. No. 143), and Defendants' Motion in Limine to Exclude All Evidence Related to the Sunbeam v. Rowe Litigation (Dkt. No. 145).

IT IS FURTHER ORDERED that the court grants in part and denies in part plaintiffs' Motion in Limine No. 5 (Dkt. No. 123), defendants' Motion in Limine to Exclude Reference to Prior Jury Verdicts (Dkt. No. 139), defendants' Motion in Limine to Exclude Evidence of Sunbeam's Model 602 Electric Blanket Product and Its Recall (Dkt. No. 133), and defendants'

Motion in Limine to Exclude Evidence of 20/20 Report (Dkt. No. 137).  The remaining motions are under advisement.

                                              <u>s/ J. Thomas Marten          </u>
                                              J. THOMAS MARTEN, JUDGE